# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:10-CV-027-GCM-DCK

| | |
|---|---|
| ANTHONY SCOTT HYMAN, ) | |
| for BARBARA ANN HYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Memorandum Of Law" (Document No. 12), filed July 6, 2010; and Defendant's "Motion For Judgment On The Pleadings" (Document No. 15) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 16), filed October 12, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Judgment On The Pleadings" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Anthony Scott Hyman, appearing as substitute for Barbara Ann Hyman ("Plaintiff"), seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document Nos. 1 and 18). On April 9, 2004, Plaintiff filed an application for a period of disability

and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.*, and a Title XVI application for supplemental security income, alleging a disability beginning April 9, 2004. (Transcript of the Record of Proceedings ("Tr.") 15). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 15, 2004, and again after reconsideration on April 19, 2005. (Tr. 15). Plaintiff filed a timely written request for a hearing on May 17, 2005.

On August 7, 2007, Plaintiff appeared and testified at a hearing before Administrative Law Judge D. Kevin Dugan ("ALJ"). (Tr. 15-26, 466-503). On January 25, 2008, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Social Security Act and denying Plaintiff's claims. (Tr. 12-14, 25-26). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 18, 2009. (Tr. 5-7). The January 25, 2008 ALJ decision thus became the final decision of the Commissioner. (Tr. 5).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 25, 2010. (Document No. 1). On March 16, 2011, Plaintiff's counsel filed a "Motion For Substitution Of Party Pursuant To Rule 25 Of F.R.C.P." (Document No. 17) based on the death of Barbara Ann Hyman on January 21, 2011. The Court allowed Anthony Scott Hyman to be substituted for the deceased Plaintiff on March 16, 2011. (Document No. 18). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the

Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990);  see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, on or before December 31, 2009.[1] (Tr. 16). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled. (Tr. 25)

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date. (Tr. 18). At the second step, the ALJ found that Plaintiff's coronary artery disease, chronic obstructive pulmonary disease, hepatitis C, depression, and anxiety, were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that if Plaintiff stopped the substance use, she would have the residual functional capacity to:

> perform work which requires standing and walking for 6 hours, sitting for 2 hours, and lifting no more than 10 pounds frequently in a clean environment, which requires the performance of simple, routine tasks, and which does not require work with the public.

(Tr. 22). In making his finding, the ALJ "considered the treatment notes and conclusions of the claimant's treating physicians, as well as the opinions of any examining physicians and the Medical Consultants of the Disability Determination Services." (Tr. 22). The ALJ further noted inconsistencies in the record that diminished Plaintiff's credibility, such that together with the totality of the medical evidence, he could not find her allegations of an inability to perform any work to be persuasive. (Tr. 24).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a spinner or deli worker. (Tr. 24-25). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that if Plaintiff stopped the substance abuse, there would be a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 25). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included: wire wrapping machine operator; packaging machine operator; and hand packer. (Tr. 25, 485-491). The ALJ opined that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles ("DOT"); and then concluded that if Plaintiff stopped the substance use, she would be capable of making a successful adjustment to work that exists in significant numbers in the national economy, and therefore, a finding of 'not disabled' was appropriate." (Tr. 25).

Plaintiff on appeal to this Court alleges that the ALJ erred by failing to comply with Social Security Ruling SSR 00-4p. (Document Nos. 11 and 12). The undersigned will address Plaintiff's contention, and Defendant's response, below.

**ALJ's Compliance With Social Security Ruling SSR 00-4p**

In her sole assignment of error, Plaintiff argues that "[t]he ALJ failed to comply with Social Security Ruling SSR 00-4p, which places an 'affirmative responsibility' on the ALJ to ask about any conflict between vocational evidence and the DOT. It further requires that the ALJ 'must obtain' a reasonable explanation for any such conflict." (Document No. 12, p.3).

Plaintiff relies on Massachi v. Astrue, 486 F.3rd 1149 (9th Cir. 2006) to support her argument that the ALJ committed reversible error because he "never asked the vocational expert

6

whether or not there was a conflict between her testimony and the DOT." (Document No. 12-1, p.1). Defendant argues that Massachi is not applicable to this case because here the VE herself identified and provided reasonable explanations for the only two (2) inconsistencies between her testimony and the DOT. (Document No. 16, pp.7-8)(citing Tr. 486-487).

The undersigned finds Defendant's position persuasive. Moreover, the Court's own review of Social Security Ruling ("SSR") 00-4p shows that SSR 00-4p does not require the ALJ to *ask* the VE about conflicts; rather, it requires the ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts." SSR 00-4p, 2000 WL 1898704 at *1. In the instant case, the undersigned finds that the ALJ identified and obtained a reasonable explanation as to any conflicts through the VE's testimony, and then explicitly concluded in his decision that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 25).

## IV. CONCLUSION

Under these circumstances, it appears to the undersigned that the ALJ relied on substantial evidence in reaching his decision, and that Plaintiff has failed to adequately identify any error requiring reversal or remand of the ALJ's decision in this case. Specifically, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; Defendant's

"Motion For Judgment On The Pleadings" (Document No. 15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Graham C. Mullen.

**IT IS SO RECOMMENDED**.

Signed: March 24, 2011

David C. Keesler
United States Magistrate Judge